Examination of a defendant, before a master, in a creditor's suit.

*Jeremiah Green et al* v. *Truman B. Hicks.* E. F. Bullard, for appellants ; P. Cagger, for respondent. The chancellor decided that under the usual order of reference to a master to appoint a receiver in a creditor's suit, the *complainant* is not authorized to examine the defendant for the mere purpose of ascertaining whether he had not made a fraudulent assignment of his property previous to the commencement of the suit ; unless such property is still in the possession or under the control of the defendant.

And it *seems* at least doubtful whether the *receiver* has the power, under any clause of such an order, to examine the defendant or any other person, as a witness to establish the fact of such a fraudulent sale or assignment ; there being no statutory provision authorizing the receiver to set aside or avoid such a sale, if the defendant himself, at the time he was directed to assign to the receiver, would not have had the right to do so. That the statute only makes the fraudulent sale or transfer void as to the creditors who are intended to be defrauded.

That where the property is not in the possession or under the control of the defendant, so as to make it his duty to deliver it up to the receiver, leaving the fraudulent assignee or grantee to come in and be heard *pro intererro suo*, the proper

course for the complainant is to make the grantee or assignee a party to his suit; so as to have the receivership extended to him.

That although the rules of the court prescribe the substance of the order or decree in a creditor's suit, where the defendant suffers the bill to be taken as confessed against him for want of appearance, or gives a written consent in the form prescribed by the 191st rule, no directions are contained in the rules as to the form of the order of reference to appoint a receiver where the defendant appears but does not give the consent mentioned in the 191st rule.

That in cases of the latter description, the order of reference, after authorizing the master to appoint a receiver of all the property, equitable interests, things in action and effects which belonged to, or were held in trust for the defendant, or in which he had any beneficial interest at the time of the commencement of the suit, except such articles as are exempt, and to take from such receiver the requisite security, should direct the defendant to assign to such receiver, under the direction of the master, all such property, &c. It should also require him to deliver over to such receiver, on oath, under the direction of the master, such property, &c. or such parts or portions of the same as are in his possession or under his power or control. That the order should also direct that the complainant have leave to examine the defendant, or any other person, on oath, before the master, for any of the purposes of such reference; and also to compel the production of such books and papers as the master may deem necessary.

*Form of order of reference to appoint a receiver where the defendant appears, but does not give the consent under 191st rule.*

That under the usual order of reference to appoint a receiver, the defendant, on his examination before the master, is not only bound to answer the direct question what property, &c. he owned or had a beneficial interest in at the time specified in the order, but every other question which may indirectly aid in the ascertainment of that fact; and whether such property was in his possession or under his control at the time of his examination, so as to be the proper subject of an order or direction of the master, that he should deliver the same to the receiver. That it is not sufficient for him to ans-

*What questions defendant is bound to answer on his examination before master.*

wer, generally, that he has no property other than that specified by him in his answer to the general question.

Order appealed from reversed; and the application for a further examination of the defendant granted. Costs to abide the event.